## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

AMERICAN COUNCIL OF THE BLIND, a )
a District of Columbia non-profit corporation )
2200 Wilson Boulevard )
Suite 650, )
Arlington, VA  22201 )
  )
and )
  )
STANLEY M. BERMAN, individually and )
on behalf of all others similarly situated )
8217 Cindy Lane, )
Bethesda, MD 20817 )
  )
and )
  )
KATHLEEN GOSSELIN, individually and )
on behalf of all others similarly situated )
1629 Columbia Road N.W. )
Apartment 322 )
Washington, D.C. 20009 )
  )
and )
  )
JEFFREY THOM, individually and on behalf )
of all others similarly situated )
7414 Mooncrest Way )
Sacramento, CA 95831 )
  )
                Plaintiffs, )
  )
v. )
  )
DANIEL M. TANGHERLINI, Administrator )
of the United States General Services )
Administration, in his official capacity, and )
UNITED STATES GENERAL SERVICES )
ADMINISTRATION )
1800 F Street, NW )
Washington, D.C. 20405 )
  )
                Defendants )
  )

Civil Action No. 14-671
CLASS ACTION

## FIRST AMENDEND COMPLAINT

NOW COME Plaintiffs American Council of the Blind, Stanley M. Berman, Kathleen Gosselin, and Jeffrey Thom, individually and on behalf of all others similarly situated, by and through their undersigned counsel, and file this Class Action Complaint against Daniel M. Tangherlini, in his official capacity as Administrator of the United States General Services Administration, and the United States General Services Administration.   Plaintiffs state as follows:

## INTRODUCTION

1.      The United States General Services Administration ("GSA") is responsible for administering the federal government's non-defense contracts and for ensuring that federal contractors and grant recipients comply with, among other things, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), which requires that individuals with disabilities have equal access to the programs and services provided by recipients of federal funding.  As part of these functions, GSA also requires federal government contractors and grant recipients to register and annually renew their registration with GSA's System for Award Management database via the website www.SAM.gov ("SAM.gov").  Despite GSA's obligation to ensure that federal contractor's and grant recipient's programs and activities are Section 504 compliant and accessible to disabled individuals, GSA's own website, SAM.gov, is inaccessible and does not comply with Section 504.

2.      SAM.gov is rife with features that act as a barrier to access for blind and visually impaired users, preventing them from using SAM.gov on an equal basis with users who are not blind or visually impaired.  SAM.gov's non-compliance with Section 504 has left certain blind and visually impaired users unable to register or timely renew their government contracts.  As

the Department of Justice has recently noted, "an inaccessible website puts [persons with disabilities] at a great disadvantage and further perpetuates a feeling of dependence and reliance on others."[1]

3.      Just as GSA requires that federal contractors and grant recipients comply with Section 504 by providing blind and visually impaired users with equal access to contractors' websites, Section 504 requires GSA to make its own website accessible to blind and visually impaired users.  Under Section 504, GSA must reasonably accommodate blind and visually impaired persons in order to ensure that they have an equal opportunity to participate in and enjoy the benefits of SAM.gov.  Such reasonable accommodations for persons with impaired vision include removing or redesigning a number of features on SAM.gov that are not "viewable" by a talking screen reader of the sort that millions of blind and visually impaired individuals rely on to navigate the Internet, ensuring that SAM.gov contains keyboard recognizable codes, and providing "helpdesk" assistance that is sensitive and responsive to the needs and concerns of blind and visually impaired users.  To date, GSA has not corrected or provided these features.  SAM.gov therefore continues to be inaccessible to blind and visually impaired persons.  As a consequence, GSA's conduct precludes blind and visually impaired persons from participating equally in federal contracting and grant programs and violates the very law—Section 504—that GSA is charged with administering.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361.  Plaintiffs seek a declaration of rights pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

---

[1] Press Release, U.S. Att'y for the Dist. of Mass., *Justice Department Enters Consent Decree with National Tax Preparer H&R Block Requiring Accessibility of Websites and Mobile Apps Under Americans with Disabilities Act*, (Mar. 6, 2014) (available at http://www.justice.gov/usao/ma/news/2014/March/HRBlockPressRelease html).

5.      Plaintiff Kathleen Gosselin resides within this District.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in the District of Columbia because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District and because Defendant GSA maintains its headquarters and operates in this District.

## PARTIES

6.      Plaintiff American Council of the Blind ("ACB") is a national membership organization of blind and visually impaired persons organized as a non-profit corporation under the laws of the District of Columbia.  ACB has also, in the past, received a federal grant and regularly seeks opportunities to receive future federal grants.  To be eligible for such grants, ACB maintains a registration on SAM.gov.  ACB therefore brings this action both on its own behalf as well as in an associational capacity on behalf of its blind and visually impaired members who are suffering deprivations of their rights and protected interests as a result of Defendants' conduct and policies.  ACB has approximately twenty thousand members nationwide, a number of whom are blind or visually impaired and serve as federal government contractors and grantees who are required to annually renew their contractor or grantee registration using SAM.gov.

7.      Plaintiff Stanley M. Berman is a blind federal government contractor who is required by federal law to annually renew his contractor registration on SAM.gov.  He resides in Bethesda, Maryland.

8.      Plaintiff Kathleen Gosselin is a blind federal government contractor who is required by federal law to annually renew her contractor registration on SAM.gov.  She resides in Washington, D.C.

9.      Plaintiff Jeffrey Thom is a blind federal government contractor who is required by federal law to annually renew his contractor registration on SAM.gov.  He resides in Sacramento, California.

10.      Defendant Daniel M. Tangherlini is the Administrator of GSA.  Accordingly, he is charged by federal law with administering and supervising, among other things, GSA's public contracting functions.  He is also responsible for administering SAM.gov, the website used to register government contractors and grantees and award government contracts.  He is sued in his capacity as the official charged with performing the statutory and regulatory duties of GSA and with supervisory responsibilities over GSA and its divisions, agents, employees, and representatives.

11.      Defendant General Services Administration is the federal agency charged with, among other things, administering the federal government's non-defense contracting functions.  As part of this function GSA is responsible for developing and maintaining SAM.gov.

12.      All divisions, agents, employees, and representatives of Defendants were acting within the scope of their agency or employment while making any of the statements and committing any of the acts alleged herein.  Defendants and any of their respective divisions, agents, employees, and representatives each acted as the agent or representative of each other in committing any of the acts or making any of the statements alleged herein.

## CLASS ACTION ALLEGATIONS

13.      Plaintiffs American Council of the Blind, Stanley M. Berman, Kathleen Gosselin, and Jeffrey Thom bring this complaint on behalf of themselves and as representatives of a class of similarly situated persons pursuant to Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.  The class consists of all past, current, and future federal government contractors and

federal grant recipients who either (1) have visual impairments or (2) employ individuals who have visual impairments and whose job functions include or may include use of SAM.gov, and who therefore require accessible formats and features to ensure their ability to fully utilize, since its inception, SAM.gov and any successor websites to, or subsequent versions of, SAM.gov.

14.     Upon information and belief, Plaintiffs allege that the class is so numerous that joinder of all class members is impracticable.

15.     There are questions of law and fact common to all class members that predominate over questions only affecting individual class members, including:  whether Defendants' refusal to offer or provide SAM.gov in accessible formats bars class members from equally participating in GSA's federal contracting programs or activities, in violation of Section 504.

16.     Plaintiffs' claims are typical of the claims of all class members, they arise from the same course of conduct by Defendants, and the relief sought is common to all class members. In addition, Defendants have acted and continue to act on grounds generally applicable to all class members, thereby making relief appropriate to the class as a whole.

17.     As blind federal contractors, the individual Plaintiffs will fairly and adequately protect the interests of the class members.  Likewise, as a past and prospective future federal grant recipient that employs individuals that have visual impairments, the American Council of the Blind will fairly and adequately protect the interests of the class members.

18.     Plaintiffs' counsel has experience handling class actions as well as experience handling the types of claims asserted in this action and will fairly and adequately represent the interests of the class.

## STATEMENT OF FACTS

19.     As the agency charged with procuring non-defense goods and services for the federal government, GSA administers the System for Award Management database ("SAM"). The Federal Acquisition Regulation ("FAR"), promulgated jointly by GSA and two other federal agencies, requires prospective non-exempt federal government contractors, as well as other recipients of federal funding, to register with SAM before being awarded a contract with, or receiving funding from, the federal government.  *See* FAR subpart 4.11; subpart 52.204-7. Further, the FAR requires that current government contractors annually renew their registration with SAM.  *See id.*  Renewal occurs on an anniversary year basis, meaning that at any given time, there is a contractor seeking to renew his or her information on SAM.gov.  *See id.*

20.     When a contractor fails to renew his or her registration with SAM, it affects the contractor's ability to receive contract awards or payments and to receive payments from certain federal government agencies.

21.     To carry out SAM's mission, GSA administers the website SAM.gov.  All non-exempt federal government contractors and prospective federal government contractors are required to register on SAM.gov in order to participate in the GSA contracting program.

22.     Similarly, SAM.gov registration is required for organizations to be eligible for certain federal grants.[2]

23.     Many blind or visually impaired individuals, including the Plaintiffs in this case, contract with the federal government and, therefore, must register and renew their registration

---

[2] *See, e.g.*, *Who Should Use SAM?* System for Award Management User Guide § 1.3, *available at* https://www.sam.gov/sam/SAM_Guide/SAM_User_Guide.htm#_Toc330768939 (last visited on Jan. 3, 2015) ("SAM is used by anyone interested in the business of the Federal Government, including . . . Government contracting and grants officials responsible for activities with contracts [and] grants."); *Applicant Resources: Organization Registration: Step 2: Register with SAM*, Grants.gov, *available at* http://www.grants.gov/web/grants/applicants/organization-registration/step-2-register-with-sam html (last visited Jan. 3, 2015) ("Registering with the SAM is required for organizations to use Grants.gov.")

through SAM.gov.  These individuals overwhelmingly rely on screen reader software to navigate

the Internet, including websites like SAM.gov.  Screen readers "view" and recite aloud the text,

buttons, and other features of a website.  In this way, blind and visually impaired individuals are

able to access and use the Internet on an equal basis with sighted individuals.

24.     Screen reader-friendly websites are commonplace in the commercial world and

are used by other federal executive branch agencies.

25.     SAM.gov, however, is not screen reader friendly, making it inaccessible to users

who are blind or visually impaired.  Specifically, SAM.gov contains a number of features that

are not "viewable" by screen-reading technology.  For example:

     a.     SAM.gov contains a number of buttons, checkboxes, search parameters,

        dropdown menus, "mouseovers"[3] and other elements that are undetectable to a

        screen reader.  Many of these undetectable features are essential to completing the

        registration process because they capture the user's required personal and

        business information.  Because these functions on SAM.gov are undetectable by

        screen readers, a blind or visually impaired user often will not know that they

        have not entered required information or how they are able to do so.

     b.     SAM.gov contains a number of undisclosed "timeouts."  Timeouts automatically

        terminate the registration process if a user cannot complete his or her registration

        in a prescribed amount of time.  Typically, a user at risk of timing out would be

        warned that the registration will time out, and that the user must take certain

        actions to continue the registration process.  Because SAM.gov's timeouts are

        undisclosed and cannot be viewed by a screen reader, blind or visually impaired

---

[3] Mouseovers hide buttons or links beneath a label on a website. Screen readers are unable to "activate" mouseover features.

users do not receive a warning before the registration process times out.  Because blind and visually impaired individuals typically require more time to complete online forms than sighted individuals, blind and visually impaired users of SAM.gov are often timed out of the registration process without ever being made aware that they were timed out.  As a result, blind and visually impaired users of SAM.gov may have to make multiple attempts at registering and in some cases have been unable to complete their registration.

c.   SAM.gov contains "hidden" text and undisclosed text boxes that a screen reader cannot view and read aloud.  Unreadable text and text boxes prevent blind and visually impaired individuals who must use a screen reader from understanding what content is available on a particular webpage.  For example, if a user needs to retrieve his or her password and username, he or she encounters a "CAPTCHA" that does not employ an accessible audio option.[4]  As a consequence, blind or visually impaired users may not be able to retrieve their usernames or passwords or engage in other activities on SAM.gov that require CAPTCHA.

d.   SAM.gov's registration process requires users to input information in a number of "edit fields."  However, SAM.gov's edit fields are not properly labeled.  Many edit field instructions on SAM.gov—e.g., instructions that tell the user to enter his or her telephone number in a particular edit field—are located *after*, rather than before, the edit field.  To determine what information should be entered into a particular edit field, a blind or visually impaired user must first navigate through

---

[4] "CAPTCHA" is an acronym that stands for "Completely Automated Public Turing Test to Tell Computers and Humans Apart."  A typical CAPTCHA presents the user with an image of distorted text, which the user must then read and enter into the CAPTCHA program.  *See* CAPTCHA: Telling Humans and Computers Apart Automatically, http://www.captcha.net/ (last visited Apr. 17, 2014).

the edit fields before he or she knows what information should be entered into a particular edit field.  Thus, a blind or visually impaired user often will not know when they have failed to enter required information or when their registration is incomplete because they did not input information in a particular field.

 e.  SAM.gov generally does not contain descriptive headings, which are needed to inform a blind or visually impaired individual using a screen-reader what content is located on a particular page or section of the website.  Proper headings help a blind or visually impaired user distinguish the importance of content on a website and enable them to locate the content they need to complete their registration.  As such, without proper headings, SAM.gov's content remains largely inaccessible for blind or visually impaired individuals.

 f.  Even if a blind or visually impaired user manages to complete the registration fields on SAM.gov, if the user incorrectly enters certain information—e.g., the user entered information using the wrong format—SAM.gov generally does not present the user with error notifications that are readable by a screen reader.  Thus, a blind or visually impaired user has  no way of knowing what mistakes, if any, he or she has made in his or her registration, further inhibiting the blind or visually impaired individual's ability to properly access SAM.gov.

26.  SAM.gov is also generally incompatible with keyboard navigation and fails to use keyboard recognizable codes and controls.  Many blind and visually impaired individuals, including the individual plaintiffs herein, use their keyboard rather than a mouse to navigate the Internet and access websites such as SAM.gov.  Therefore, because SAM.gov fails to use

keyboard-recognizable codes, many blind and visually impaired individuals cannot fully access it.

26.     Further, SAM.gov's helpdesk and technical assistance staff are not equipped to effectively assist blind and visually impaired individuals.  In particular, the helpdesk is not staffed with individuals who have the technical knowledge to support the needs of people with disabilities; there is no established procedure for prioritizing assistance; and the helpdesk "ticket" tracking database and reports are often incomplete and inaccurate.

27.     The barriers described in paragraphs 19 through 26 make SAM.gov largely inaccessible to blind and visually impaired users.

28.     As a result of SAM.gov's incompatibility with screen readers, lack of keyboard recognizable codes, and insufficient assistance staff,  blind and visually impaired users of SAM.gov—including the Plaintiffs in this action—have been forced to either abandon efforts to register or undertake a number of actions and risks to complete or renew registration on SAM.gov that sighted users do not need to accept in order to do business with, or receive funding from, the federal government.

29.     For example, SAM.gov's inaccessibility to blind and visually impaired users has forced several of the individual plaintiffs in this case to divulge sensitive, personal information, such as their usernames, passwords, and social security numbers to third parties so that the third parties could enter the individuals' information into SAM.gov.  Sighted users do not need to clear such hurdles or undertake such risk.

## STANLEY M. BERMAN

30.     Mr. Berman is a blind federal government contractor. As a government contractor, federal law requires him to annually renew his contractor's registration on SAM.gov

in order to continue to do business with the federal government.  *See* FAR subpart 4.11; subpart 52.204-7.  Because Mr. Berman is blind, he relies on a talking screen reader and keyboard recognition codes to use the Internet and access SAM.gov.

31.     In April 2013, Mr. Berman attempted to renew his contractor's registration for the year on SAM.gov.  While attempting to renew on SAM.gov, Mr. Berman encountered numerous barriers to accessibility.

32.     Specifically, Mr. Berman encountered (1) mouseovers and other hidden text; (2) undisclosed timeouts; and (3) undisclosed text boxes.  These features, among others, were not "viewable" by Mr. Berman's talking screen reader and therefore prevented Mr. Berman from renewing his registration through SAM.gov.

33.     Upon encountering these difficulties, Mr. Berman contacted SAM.gov's helpdesk. The helpdesk was unable to assist Mr. Berman and after three months and numerous interactions with the helpdesk, Mr. Berman's contractor registration expired on July 3, 2013.

34.     On July 4, 2013, one day after his registration expired, Mr. Berman had no other choice but to disclose sensitive and confidential personal information, such as his username and password, so that a helpdesk employee could manually enter Mr. Berman's information into SAM.gov on his behalf to renew his contractor's registration.

35.     On July 22, 2013, Mr. Berman contacted Evelyn Britton, Director of the External Programs Division of GSA's Office of Civil Rights, to informally resolve his concerns about the barriers to accessibility he experienced when attempting to use SAM.gov.  Ms. Britton appeared receptive to Mr. Berman's concerns and requested a list of issues that should be fixed on the website, which Mr. Berman provided.  Ms. Britton further represented that improvements would be made to SAM.gov by October 2013.

36.     On December 19, 2013, still awaiting the improvements to SAM.gov, Mr. Berman filed an administrative complaint with GSA under Section 508 of the Rehabilitation Act and was advised that an updated SAM.gov would not be released until March 2014— approximately six months later than GSA's first estimate.  During this time, the SAM.gov website remained largely inaccessible to blind and visually impaired individuals.

37.     On March 10, 2014, Mr. Berman contacted GSA and was informed that the new version of SAM.gov, which was intended to remedy the accessibility issues addressed by Mr. Berman in his administrative complaint to GSA, would be released on or around March 22, 2014.

38.     Between March 21 and 22, 2014, GSA did update SAM.gov.  However,  the March 21/22 update of SAM.gov failed to resolve the accessibility issues that Mr. Berman raised with GSA, that GSA indicated it would cure, and that are discussed herein.

39.     In the nearly seven months that have passed since Mr. Berman's first complaint to GSA, little to nothing has been done to remedy his concerns or to provide him and other blind and visually impaired individuals with improved accessibility to SAM.gov. Mr. Berman is scheduled to renew his contract on July 4, 2014, but has been unable to take advantage of the SAM.gov website in order to do so.

40.     Accordingly, seeking a more effective and efficient solution, Mr. Berman has filed this action under Section 504, which addresses equal access issues. Mr. Berman is properly before the court at this time.

## KATHLEEN GOSSELIN

41.     Ms. Gosselin is a blind federal government contractor.  As a government contractor, federal law requires her to annually renew her contractor's registration on SAM.gov

in order to continue to do business with the federal government.  *See* FAR subpart 4.11; subpart 52.204-7.  Because Ms. Gosselin is blind, she relies on a talking screen reader and keyboard recognition codes to use the Internet and access SAM.gov.

42.     On October 17, 2013, Ms. Gosselin attempted to renew her contractor's registration for the year on SAM.gov.  While attempting to renew on SAM.gov, she encountered numerous barriers to accessibility.

43.     Specifically, Ms. Gosselin (1) encountered undisclosed timeouts; (2) found that essential buttons required to complete the registration process were undetectable to her talking screen reader; and (3) experienced a general inability of the website to work with keyboard navigation.  These features, among others, prevented Ms. Gosselin from renewing her registration through SAM.gov.

44.     Upon encountering these difficulties, Ms. Gosselin contacted SAM.gov's helpdesk.  The helpdesk told Ms. Gosselin that SAM.gov does not work with Internet Explorer 9, a common Internet browser, or any version of JAWS, a common talking screen reader.  The helpdesk then referred Ms. Gosselin to the Procurement Technical Assistance Center ("PTAC") for Maryland and Washington, D.C. to assist her in completing her registration renewal.  Neither PTAC nor the helpdesk was able to assist Ms. Gosselin.  In particular, the helpdesk advised Ms. Gosselin that she would have to ask a friend to help her update her registration.  Similarly, PTAC initially told Ms. Gosselin that it could only help her if she was a member of PTAC.

45.     In mid-November, only after disclosing her username and password to a third party and having the third party enter her information for her, Ms. Gosselin was able to complete her registration on SAM.gov. Non-disabled government contractors do not have to disclose their usernames and passwords to third parties in order to register on or through SAM.gov.

46.     On January 14, 2014, Ms. Gosselin filed an administrative complaint with GSA raising the accessibility issues described herein.  On March 10, 2014, over two months later, GSA acknowledged receipt of Ms. Gosselin's complaint and informed Ms. Gosselin's counsel that a new version of SAM.gov would be released on or around March 22, 2014.  This update was intended to remedy the accessibility concerns addressed in Ms. Gosselin's administrative complaint.

47.     Between March 21 and 22, 2014, GSA did update SAM.gov.  However, the March 21/22 update of SAM.gov failed to resolve the accessibility issues that Ms. Gosselin raised with GSA, that GSA indicated it would cure, and that are addressed herein.

48.     Ms. Gosselin was unable to independently renew her registration on SAM.gov as required by Section 504.  Therefore, Ms. Gosselin has filed this action seeking relief under Section 504.  She is properly before the Court at this time.

## JEFFREY THOM

49.     Mr. Thom is a blind federal government contractor. As a government contractor, federal law requires him to annually renew his contractor's registration on SAM.gov in order to continue to do business with the federal government.  *See* FAR subpart 4.11; subpart 52.204-7. Because Mr. Thom is blind, he relies on a talking screen reader and keyboard recognition to use the Internet and to access SAM.gov.

50.     Throughout August and September of 2013, Mr. Thom attempted to renew his contractor's registration for the year on SAM.gov. Mr. Thom had previously been registered on SAM.gov's predecessor website; therefore, in order to renew his contractor registration, he needed to create an account on SAM.gov and then migrate his information from the predecessor

website to SAM.gov. While attempting to migrate his information to SAM.gov, he encountered numerous barriers to accessibility.

51.     Specifically, the features of SAM.gov were not "viewable" by Mr. Thom's talking screen reader, "Window Eyes," and therefore prevented Mr. Thom from renewing his registration through SAM.gov.  Window Eyes is a commonly used screen reader.

52.     Accordingly, to bring SAM.gov into compliance with Section 504, Mr. Thom has filed the instant action and is properly before the Court at this time.

## AMERICAN COUNCIL OF THE BLIND

53.     ACB is a national membership organization whose members are individuals who are primarily blind and visually impaired.  ACB has also, in the past, received a federal grant and regularly looks for opportunities to receive future federal grants.  To be eligible for such grants, ACB maintains a registration on SAM.gov.  ACB therefore brings this action on its own behalf as well as in an associational capacity on behalf of its members, which  include federal government contractors and grant recipients who are required to use SAM.gov.  ACB's mission is to advocate for the implementation and enforcement of civil rights protections for its blind and visually impaired members and all blind and visually impaired persons; to elevate the social, economic, and cultural level of blind persons; and to assist blind persons in developing their abilities and assuming a responsible place in the community.  ACB publishes a periodical publication in Braille, large print, audiotape, and computer disk; it holds conferences and seminars for blind and visually impaired persons; it provides employment information and resources to blind and visually impaired persons; and it consults with public and private organizations on behalf of blind and visually impaired persons.  Defendants' unlawful conduct further interferes with ACB's mission of elevating the status of blind persons and assisting them

with developing and assuming a responsible place in the community as well as causing ACB to divert its resources to remedy injuries that its members suffer as a result of Defendants' unlawful conduct.

54.     ACB has, in the past received a federal grant and regularly looks for opportunities to receive future federal grants.  As a consequence, ACB, whose staff includes a number of blind and visually impaired individuals, is registered on SAM.gov so that ACB may apply for federal grants.  Defendants have not made SAM.gov compliant with Section 504 such that ACB's staff or ACB's members would be able to fully access and utilize SAM.gov.  As a result, ACB is threatened with being unable to renew its registration on SAM.gov as is necessary to receive federal grants.  Likewise, ACB's members have been in imminent danger of being unable to renew their contracts or grants with the federal government, have been forced to divulge personal, sensitive information in order to work around SAM.gov's Section 504 incompatibility, and have been forced to spend their time and energy to ensure that they were able to register or renew their government contracts in spite of SAM.gov's inaccessibility.

55.     Plaintiffs Stanley M. Berman, Kathleen Gosselin, and Jeffrey Thom are members of ACB.

### FIRST CAUSE OF ACTION: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

56.     Paragraphs 1 through 55 are each re-alleged and incorporated as fully set forth herein.

57.     Section 504 of the Rehabilitation Act of 1973 (as amended) provides that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance or under any program or activity conducted by any Executive agency[.]

29 U.S.C. § 794.

58.     Each of the Plaintiffs and putative class members is an "individual with a disability" as defined in 29 U.S.C. § 705(20), because each has a visual impairment that substantially limits one or more of their major life activities, including the major life activity of seeing.

59.     As a result of being "individual[s] with a disability" as defined in 29 U.S.C. § 705(20), each of the named Plaintiffs and class members is entitled to reasonable accommodations in the form of auxiliary aids and services that provide them equal access to the GSA-administered website SAM.gov.

60.     Defendants are bound by regulations of the Federal Property and Management Regulations System promulgated under Section 504 of the Rehabilitation Act.  *See* 41 C.F.R. § 105 *et seq*.

61.     These regulations require GSA to "take appropriate steps to ensure effective communication with applicants, participants, personnel of other Federal entities, and members of the public."  *Id.* § 105-8.160(a).  Specifically, GSA is required to provide Plaintiffs with "auxiliary aids," which are "services or devices that enable persons with impaired sensory, manual, or speaking skills to have an equal opportunity to participate in and enjoy the benefits of programs or activities conducted by GSA."  *Id.* § 105-8.103.  As defined by the regulations, auxiliary aids are "useful for persons with impaired vision [and] include readers, Brailed materials, audio recordings, and other similar services and devices."  *Id.* When determining which auxiliary services to provide, the regulations state that GSA "shall give primary consideration to the requests of the individual with handicaps." *Id.* § 105-8.160(a)(1)(i).

62.     As alleged herein, Defendants have discriminated and continue to discriminate unlawfully against the named Plaintiffs and class members by failing to ensure that Plaintiffs and class members have an opportunity to participate in the federal contracting program through SAM.gov.  By refusing or failing to administer SAM.gov in a form that is accessible to blind or visually impaired individuals, Defendants have created and continue to create a significant and unnecessary obstacle to Plaintiffs' and the class members' use of SAM.gov.  Plaintiffs and the class members cannot utilize SAM.gov in a manner equal to that of sighted persons.  Plaintiffs and the class members are forced to rely on the assistance of sighted persons to input their private, personal information on SAM.gov.  Such sighted assistance is often unavailable, unreliable, inconsistent, and untimely. Furthermore, relying on sighted assistance also requires blind persons to submit to an invasion of privacy; they must disclose highly sensitive information — including their Social Security numbers, usernames, and passwords — to sighted persons simply to gain access to their own, private federal contracting account.  As a result, Plaintiffs and class members who use sighted assistance are discriminated against and are forced to divulge sensitive personal information that sighted individuals do not have to divulge.

63.     Making SAM.gov accessible to Plaintiffs and the class members would not fundamentally alter SAM.gov or create an undue administrative or cost burden.  Numerous governmental agencies and large commercial entities—including the recipients of federal funding, whom GSA requires to comply with Section 504—already provide websites that are accessible to blind and visually impaired persons.

64.     Defendants' conduct constitutes an ongoing and continuous violation of the law. Unless restrained from doing so, Defendants will continue to so violate the law.  Defendants' conduct has caused and will continue to cause Plaintiffs and the class members immediate and

irreparable injury.  Plaintiffs have no adequate remedy at law for the injuries they suffer and will continue to suffer.  Thus, Plaintiffs and class members are entitled to injunctive relief.

## SECOND CAUSE OF ACTION: DECLARATORY RELIEF

65.     Paragraphs 1 through 64 are re-alleged and incorporated as fully set forth herein.

66.     Defendants have failed and continue to fail to provide Plaintiffs and the class members with a version of SAM.gov that is accessible to blind and visually impaired persons, in violation of Section 504 of the Rehabilitation Act of 1973.

67.     A judicial declaration is necessary and appropriate in order that the parties know their rights and duties and act accordingly.

## THIRD CAUSE OF ACTION: MANDAMUS

68.     Paragraphs 1 through 67 are re-alleged and incorporated as fully set forth herein.

69.     Defendants have failed and continue to fail to provide Plaintiffs and the class members with a version of SAM.gov that is accessible to blind and visually impaired persons, in violation of Section 504 of the Rehabilitation Act of 1973.

70.     It is Defendants' non-discretionary duty to comply with Section 504. Therefore, Plaintiffs are entitled to mandamus directing Defendants to do so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

71.     Certify at an appropriate time that this suit is properly maintainable as a class action pursuant to Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure;

72.     Declare that Defendants' failure to make SAM.gov accessible to blind and visually impaired federal users violates Section 504 of the Rehabilitation Act of 1973;

73.     Declare that Defendants have a duty to provide equal and meaningful access to SAM.gov in formats that are accessible to blind and visually impaired persons, including but not limited to:

(a) repair or removal of mouse-overs and/or replacement by keyboard recognizable code/elements and controls;

(b) the creation and deployment of compliant time outs;

(c) repair of the forms, edit fields, and controls, including the tab and reading order, so that all fields are apparent to users who rely on screen readers;

(d) appropriate labeling of buttons such as checkboxes, search parameters, dropdown menus;

(e) development and employment of a System Development Life Cycle program for all information technology in-house and contracted design and development projects;

(f) establishment of long-term improvement measures such as,

(i) using a rigorous and independent third-party testing program,

(ii) consulting with stakeholders prior to site redesigns,

(iii) testing all changes prior to implementation, and

(iv) development of a policy to implement electronic and information technologies that are compliant with the regulations that govern accessibility to technology.

(g) any and all other remedies as may be necessary to provide blind and visually impaired persons with equal and meaningful access to SAM.gov.

74.     Further, declare that Defendants have a duty to provide blind and visually impaired persons equal and meaningful access to any and all services and information related to

SAM.gov, including but not limited to, technical support (in whatever format or method such support is provided).

75.     Grant a permanent injunction requiring Defendants, their successors in office, agents, assigns, representatives, employees, and all persons acting in concert therewith, to immediately provide equal and meaningful access to SAM.gov in formats that are accessible to blind and visually impaired persons, as outlined in paragraph 73, as well as to any and all services and information related to SAM.gov, including but not limited to, technical support (in whatever format or method such support is provided);

76.     Issue a mandamus compelling Defendants to perform the non-discretionary duties that they owe to Plaintiffs by making SAM.gov compliant with Section 504.

77.     For costs of the suit herein;

78.     For reasonable attorneys' fees; and

79.     For such other and further relief at law or in equity as the Court deems just and proper.

Dated: January 5, 2015

Respectfully submitted,


/s/ Lewis S. Wiener
Lewis S. Wiener, Esq. (DC Bar #414479)
Charles M. Kruly, *PRO HAC VICE*
(N.Y. Bar # 5219902)
SUTHERLAND ASBILL & BRENNAN LLP
700 Sixth Street, NW
Suite 700
Washington, D.C. 20001
Telephone: 202.383.0140
Facsimile:  202.637.3593
Email: lew.wiener@sutherland.com

/s/ Matthew K. Handley
_____
Matthew K. Handley (DC Bar #489946)
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
11 DuPont Circle, NW
Suite 400
Washington, DC 20036
Telephone: 202-319-1000
Facsimile: 202-319-1010
Email: Matthew_handley@washlaw.org
***Attorneys for Plaintiffs American Council of the Blind, Stanley M. Berman, Kathleen Gosselin, and Jeffrey Thom***